UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZURU (SINGAPORE) PTE., LTD; )
ZURU LLC; )
ZURU INC., )
            ) Case No.: 1:21-cv-08101
    Plaintiffs, )
            )
v. )
            )
THE INDIVIDUALS, CORPORATIONS, )
LIMITED LIABILITY COMPANIES, )
PARTNERSHIPS, AND )
UNINCORPORATED ASSOCIATIONS )
IDENTIFIED ON SCHEDULE A HERETO, )
            )
    Defendants. )

## ~~PROPOSED~~ DEFAULT JUDGMENT ORDER AS TO DEFENDANT NO. 145

THIS CASE having been commenced by ZURU (SINGAPORE) PTE. LTD., ZURU LLC, and ZURU INC (collectively "Plaintiffs") against the Defendant Xinwangjie digital (145) identified on the below Schedule A (collectively, the "Defaulting Defendants") and using at least the domain names identified in the Schedule A (the "Defaulting Defendant Domain Names") and the online marketplace accounts identified in the Schedule A (the "Defaulting Online Marketplace Accounts"), and Plaintiffs having moved for entry of Default and Default Judgment against the Defaulting Defendants;

This Court having entered, upon a showing by Plaintiffs, a temporary restraining order and preliminary injunction against Defaulting Defendants that included a domain name transfer order and asset restraining order;

Plaintiffs having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication or email, along with any notice that Defaulting Defendants received from domain name registrars and payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the

pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered the Complaint or appeared in any way, and the time for answering the Complaint having expired;

THIS COURT FURTHER FINDS that it has personal jurisdiction over the Defaulting Defendants because the Defaulting Defendants directly target their business activities toward consumers in the United States, including Manhattan, offering to sell and ship products into this Judicial District. Specifically, Defaulting Defendants are reaching out to do business with Manhattan residents by operating one or more commercial, interactive Internet Stores through which Manhattan residents can purchase counterfeit versions of the Plaintiffs' BUNCH O BALLOONS products, which infringe on Plaintiffs' federally registered trademarks, bearing U.S. Trademark Registration No.: 4709630 and U.S. Trademark Registration No. 60860134 (collectively, the "BUNCH O BALLOONS Trademarks"), and/or which infringe upon Plaintiffs' copyright, covered by U.S. Copyright Office Registration No. VA 1-935-444 (the "BUNCH O BALLOONS Copyright Registration"); and

THIS COURT FURTHER FINDS that Defaulting Defendants are liable for willful copyright infringement (17 U.S.C. § 101 et seq.), false designation of origin (15 U.S.C. § 1125(a)), and/or violation of unfair competition under New York common law; now therefore

IT IS HEREBY ORDERED that Plaintiffs' Motion for Entry of Default and Default Judgment is GRANTED in its entirety, that Defaulting Defendants are deemed in default and that this Final Judgment is entered against Defaulting Defendants.

Accordingly, this Court ORDERS that:

1. Defaulting Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be permanently enjoined and restrained from:

    a. using Plaintiffs' BUNCH O BALLOONS Trademarks or BUNCH O BALLOONS Copyright Registration, or any reproductions,

        counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine BUNCH O BALLOONS product or not authorized by Plaintiffs to be sold in connection with Plaintiffs' BUNCH O BALLOONS Trademarks and/or BUNCH O BALLOONS Copyright Registration;

b.   passing off, inducing, or enabling others to sell or pass off any product as a genuine BUNCH O BALLOONS product or any other product produced by Plaintiffs, that is not Plaintiffs' or not produced under the authorization, control, or supervision of Plaintiffs and approved by Plaintiffs for sale under Plaintiffs' BUNCH O BALLOONS Trademarks and/or BUNCH O BALLOONS Copyright Registration;

c.   committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiffs, or are sponsored by, approved by, or otherwise connected with Plaintiffs;

d.   further infringing Plaintiffs' BUNCH O BALLOONS Trademarks and/or BUNCH O BALLOONS Copyright Registration and damaging Plaintiffs' goodwill;

e.   otherwise competing unfairly with Plaintiffs in any manner;

f.   shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiffs, nor authorized by Plaintiffs to be sold or offered for sale, and which bear any of Plaintiffs' BUNCH O BALLOONS Trademarks and/or BUNCH O BALLOONS Copyright Registration

        or any reproductions, counterfeit copies, or colorable imitations thereof;

   g.    using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, the Defendant Domain Names, or any other domain name or online marketplace account that is being used to sell or is the means by which Defendants could continue to sell counterfeit BUNCH O BALLOONS products; and

   h.    operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing Plaintiffs' BUNCH O BALLOONS Trademarks and/or BUNCH O BALLOONS Copyright Registration or any reproductions, counterfeit copies, or colorable imitations thereof that is not a genuine BUNCH O BALLOONS product or not authorized by Plaintiffs to be sold in connection with Plaintiffs' BUNCH O BALLOONS Trademarks and/or BUNCH O BALLOONS Copyright Registration.

2.    The domain name registries for the Defaulting Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, within three (3) business days of receipt of this Order or prior to expiration of this Order, whichever date shall occur first, shall, at Plaintiffs' choosing:

   a.    unlock and change the registrar of record for the Defaulting Defendant Domain Names to a registrar of Plaintiffs' selection until further ordered by this Court, and the domain name registrars shall take any steps necessary to transfer the Defaulting Defendant

          Domain Names to a registrar of Plaintiffs' selection until further ordered by this Court; or

    b.    disable the Defaulting Defendant Domain Names and make them inactive and untransferable until further ordered by this Court.

3.    Those in privity with Defaulting Defendants and with actual notice of this Order, including any online marketplaces such as Amazon.com, PayPal, eBay, Payoneer, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defaulting Defendant Domain Names, and domain name registrars, shall within three (3) business days of receipt of this Order:

    a.    disable and cease providing services for any accounts through which Defaulting Defendants engage in the sale of counterfeit and infringing goods using the BUNCH O BALLOONS Trademarks and/or BUNCH O BALLOONS Copyright Registration, including any accounts associated with the Defaulting Defendants listed on the Schedule A;

    b.    disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of counterfeit and infringing goods using the BUNCH O BALLOONS Trademarks and/or BUNCH O BALLOONS Copyright Registration; and

    c.    take all steps necessary to prevent links to the Defaulting Defendant Domain Names identified on the Schedule A from displaying in search results, including, but not limited to, removing links to the Defaulting Defendant Domain Names from any search index.

4.    Amazon.com ("Amazon") and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts, or Defaulting

Defendants' websites identified in the Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

5. PayPal, Inc. ("PayPal") and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts, or Defaulting Defendants' websites identified in the Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

6. Payoneer, Inc. ("Payoneer") and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts, or Defaulting Defendants' websites identified in the Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

7. Ping Pong Global Solutions, Inc. ("Ping Pong") and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts, or Defaulting Defendants' websites identified in the Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

8. Coinbase Global, Inc. ("Coinbase") and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts, or Defaulting Defendants' websites identified in the Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

9. eBay, Inc. ("eBay") and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts, or Defaulting Defendants' websites identified in the Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

10. LianLian Global t/as LL Pay U.S., LLC ("LianLian") and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts, or Defaulting Defendants' websites identified in the Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

11. AllPay Limited ("AllPay") and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts, or Defaulting Defendants' websites identified in the Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

12. Union Mobile Financial Technology Co. Ltd. ("Union Mobile") and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts, or Defaulting Defendants' websites identified in the Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

13. Alibaba and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts, or Defaulting Defendants' websites identified in the Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

14. Pursuant to 17 U.S.C. § 504, Plaintiffs are awarded statutory damages from each of the Defaulting Defendants in the amount of one hundred fifty thousand dollars ($150,000.00).

15. All monies currently restrained in Defaulting Defendants' financial accounts, including monies held by Amazon, PayPal, Payoneer, Ping Pong, Coinbase, eBay, LianLian, AllPay, Union Mobile, and/or Alibaba are hereby released to Plaintiffs as partial payment of the above-identified damages, and Amazon, PayPal, Payoneer, Ping Pong, Coinbase, eBay, LianLian,

AllPay, Union Mobile, and/or Alibaba are ordered to release to Plaintiffs the amounts from Defaulting Defendants' accounts within ten (10) business days of receipt of this Order.

16. Until Plaintiffs have recovered full payment of monies owed by any Defaulting Defendant, Plaintiffs shall have the ongoing authority to serve this Order on Amazon, PayPal, Payoneer, Ping Pong, Coinbase, eBay, LianLian, AllPay, Union Mobile, and/or Alibaba in the event that any new accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, Amazon, PayPal, Payoneer, Ping Pong, Coinbase, eBay, LianLian, AllPay, Union Mobile, and/or Alibaba shall within two (2) business days:

    a. Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts, or Defaulting Defendants' websites, including, but not limited to, any accounts;

    b. Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

    c. Release all monies restrained in Defaulting Defendants' accounts to Plaintiffs as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

17. Until Plaintiffs have recovered full payment of monies owed by any Defaulting Defendant, Plaintiffs shall have the ongoing authority to serve this Order on any banks, savings and loan associations, or other financial institutions (collectively, the "Financial Service Providers") in the event that any new financial accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, the Financial Service Providers shall within two (2) business days:

    a. Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts, or

        Defaulting Defendants' websites, including, but not limited to, any accounts;

b. Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

c. Release all monies restrained in Defaulting Defendants' accounts to Plaintiffs as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

18. In the event that Plaintiffs identify any additional online marketplace accounts, domain names, or financial accounts owned by Defaulting Defendants, Plaintiffs may send notice of any supplemental proceeding to Defaulting Defendants by email at the email addresses identified by Plaintiffs and any email addresses provided for Defaulting Defendants by third parties.

19. The five thousand-dollar ($5,000) bond posted by Plaintiffs, including any interest minus the registry fee, is hereby released to Plaintiffs or their counsel. The Clerk of the Court is directed to return the bond previously deposited with the Clerk of the Court to Plaintiffs or its counsel.

Dated: January 3, 2022

_____
United States District Judge

9

## SCHEDULE A - DEFAULTING DEFENDANT NO. 145

| No. | Defendants |
|-----|------------|
| 145 | Xinwangjie digital |

| No. | Defendants |
|-----|------------|
| 145 | https://www.amazon.com/sp?_encoding=UTF8&asin=&isAmazonFulfilled=1&isCBA=&marketplaceID=ATVPDKIKX0DER&orderID=&protocol=current&seller=A2RPKOPQZPZJYN&sshmPath= |